# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

BRICE GOAD                                                                                              PLAINTIFF

v.                                             No. 3:15CV00197 JLH

CENSEO HEALTH, LLC                                                                          DEFENDANT

## OPINION AND ORDER

Brice Goad commenced this lawsuit against Censeo Health, LLC, claiming that Censeo Health violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-101, *et seq.* ("ADTPA"), when it called his cell phone repeatedly. Censeo Health has moved for summary judgment.

## I.

Health insurance companies hire Censeo Health to offer annual health assessments to their members and, if a member accepts the offer, to schedule and perform visits. Document #14-1 at 1 ¶ 4. The health insurance companies provide Censeo Health with telephone numbers of members and Censeo Health calls them to offer and schedule health assessment visits. *Id.* at ¶ 5.

Goad says that Censeo Health called his cellular telephone number on numerous occasions in 2014 and 2015 trying to reach an individual named Bradley Owens. Document #21-1. Goad's number was erroneously listed as the number of Bradley Owens. Document #14-1 at 1, ¶ 6. Although Censeo Health periodically receives updated lists of health insurance members, Goad's number could have been listed on an updated list as Bradley Owens' number. *Id.* at 2, ¶ 7. This would cause Goad to be called again after he told Censeo Health's representatives to remove his number. *Id.* Censeo Health placed seventeen calls to Goad between May 14, 2014, and April 23,

2015, some of which resulted in neither Goad answering the telephone nor a voicemail message being left.  Document #14-2 at 6 and Document #21-2.

When Censeo Health employees place calls to health insurance members, the employees dial each call manually.  Document #14-1 at 2, ¶ 9.  Censeo Health's employees are prompted to dial certain telephone numbers by a computer program that displays the number associated with a health insurance member.  *Id.* at ¶ 10.  The computer program has no dialing mechanism and is not connected to the telephone system used to place the calls.  *Id.*  Upon completion of a call, the employee enters the outcome of the call into the computer program before the program displays another number.  *Id.* at ¶ 11.  Censeo Health does not use artificial or prerecorded voices during calls or messages placed to health insurance members to offer and schedule health assessments.  *Id.* at ¶ 12.

## II.

A court should grant summary judgment if the evidence demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the initial burden of demonstrating the absence of a genuine dispute for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).  If the moving party meets that burden, the nonmoving party must come forward with specific facts that establish a genuine dispute of material fact.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).  A genuine dispute of material fact is presented only if the evidence is sufficient to allow a reasonable jury to return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L. Ed. 2d 202 (1986). The court must view the evidence in the light most favorable to the nonmoving party and must give that party the benefit of all reasonable inferences that can be drawn from the record. *Spencer v. Jackson Cnty. Mo.*, 738 F.3d 907, 911 (8th Cir. 2013). If the nonmoving party fails to present evidence sufficient to establish an essential element of a claim on which that party bears the burden of proof, then the moving party is entitled to judgment as a matter of law. *Pedersen v. Bio-Med. Applications of Minn.*, 775 F.3d 1049, 1053 (8th Cir. 2015).

### III.

Censeo Health argues that it is entitled to summary judgment on the TCPA claim because it did not use an automatic telephone dialing system or artificial or prerecorded voices. Document #15 at 5. Goad concedes that Censeo Health does not use artificial or prerecorded voices. Document #21 at 2, ¶ 8. Goad, however, argues that Censeo Health's phone system has the capacity to become an automatic telephone dialing system and, therefore, falls within the TCPA's reach.

Forty-seven U.S.C. § 227(b)(1)(A)(iii) provides that:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service.

"The term 'automatic telephone dialing system' means equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). "The Commission has emphasized that this definition covers any equipment that has the specified *capacity* to generate numbers and dial them without human intervention regardless of whether the numbers are randomly or sequentially generated or come from calling lists." *Rules & Regulations Implementing the Tel. Consumer Prot.*

3

*Act of 1991*, 27 FCC Rcd. 15391, 15392, n.5 (2012) (emphasis in original). "[T]he basic functions of an autodialer are to dial numbers without human intervention and to dial thousands of numbers in a short period of time." *Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7975, ¶ 17 (2015) (internal quotations omitted). To be an autodialer, a system does not need the present ability to dial random and sequential numbers without human intervention. *Id.* at 7974 ¶ 15. If by adding software a system can dial random and sequential numbers without human intervention, then it has the capacity to be an autodialer and falls under the TCPA. *Id.* at ¶ 16. However, "there must be more than a theoretical potential that the equipment could be modified to satisfy the 'autodialer' definition." *Id.* at 7975, ¶ 18. Uncontroverted testimony that a system is very clearly not an automatic telephone dialing system warrants summary judgment. *Smith v. Securus Techs., Inc.*, 120 F.Supp.3d 976, 984 (D. Minn. 2015). Censeo Health has provided such testimony. Goad has not rebutted it.

Censeo Health provided an affidavit from Archie Block, the Director of IT, Security, and Technology Operations for Censeo Health. Document #14-1. In that affidavit, Block testified that Censeo Health's employees manually dial each call by pressing a button for each digit in the telephone number. *Id.* at 2, ¶ 9. He also testified that the computer system prompts the employees to dial certain numbers which are displayed to the employee. *Id.* at ¶ 10. He further testified that the computer system has no dialing mechanism through which it can place telephone calls and it is entirely separate from the telephone system used to place calls. *Id.*

In response, Goad cites to documents found online at the website of Cisco System, Inc., which manufactured the telephone system used by Censeo Health. Document #21 at 9; Document #21-5. Goad argues that these online documents show that Cisco's telephone systems have the

4

capacity to generate numbers and dial them without human interaction. Document #21 at 9. Goad also testified that he heard a beep and a pause at the outset of many of the calls which suggested to him that the calls were autodialed. Document #21-1 at 1.

As Censeo Health points out, inadmissible hearsay cannot be used to defeat summary judgment. *Brunsting v. Lutsen Mountains Corp.*, 601 F.3d 813, 817 (8th Cir. 2010). The documents provided from the online search are unsworn, out-of-court statements offered to prove that the Cisco telephone system used by Censeo Health has the capacity to be an automated telephone dialing system. Those documents do not fall within any exemption to the rule excluding hearsay. They are, therefore, inadmissible.

Second, even if these documents were admissible, evidence would be required to match Censeo Health's telephone system with the system that the online documents describe. No such evidence has been provided. In discovery, Censeo Health disclosed that it uses the Cisco Unified IP Phone. Document #21-4. One of the online documents upon which Goad relies is the Outbound Option User Guide for Cisco ICM/IPCC Enterprise & IPCC Hosted Editions. That document states that "[t]his manual describes how to administer and use the Cisco Intelligent Contact Management (ICM)/IP Contact Center (IPCC) Outbound Option application (formerly called 'Blended Agent')." Document #21-5 at 2. The other document upon which Goad relies is entitled, "Outbound Option Guide for Cisco Unified Contact Center Enterprise and Hosted Release 9.0(1)." Document #21-6. No evidence establishes that the Cisco Unified IP Phone has any of the features or potentially has the features described in these two documents or that it could have them with the addition of software.

Last, Goad's testimony about the beep and pause is not enough to rebut Block's testimony. No evidence in the record shows that a beep and pause means an autodialer was being used to make the call. *See Estrella v. Ltd Fin. Servs., LP*, No. 8:14-CV-2624, 2015 WL 6742062, *3-4 (M.D. Fla. Nov. 2, 2015) (finding no foundation or support for the conclusion that "clicks and delays" and "prolonged silences" means an autodialer or predictive dialer was being used).

Censeo Health presented evidence that its telephone system requires human intervention to function. Goad's evidence does not establish that the telephone system has the capacity to be an autodialer. Therefore, Goad has failed to present evidence to establish an essential element of his TCPA claim.

**IV.**

Goad also claims that Censeo Health violated the Arkansas Deceptive Trade Practices Act. The ADTPA forbids "[e]ngaging in any . . . unconscionable, false, or deceptive act or practice in business, commerce, or trade." Ark. Code Ann. § 4-88-107(a)(10).[1] "Any person who suffers actual damage or injury as a result of an offense or violation as defined in this chapter has a cause of action to recover actual damages, if appropriate." Ark. Code Ann. § 4-88-113(f). "The elements of a cause of action are: (1) a deceptive consumer-oriented act or practice which is misleading in a material respect and (2) injury resulting from such an act." *Evans v. JP Morgan Chase Bank, N.A.*, No. 1:12-CV-1038, 2014 WL 359226, at *8 (W.D. Ark. Feb. 3, 2014) (citing *Forever Green Athletic Fields, Inc. v. Lasiter Constr., Inc.*, 2011 Ark. App. 347, at 18, 384 S.W.3d 450, 552). "However, to recover damages for mental anguish under the ADTPA, the plaintiff must prove that [he] suffered

---

[1] Censeo Health does not argue that Goad's ADTPA claim is barred by the safe harbor provision for entities subject to a regulatory authority, Ark. Code Ann. § 4-88-101, so the Court is not addressing that issue.

a physical injury that caused mental distress, or the defendant violated the Act with the intent to cause mental distress." *Id.* (citing *FMC Corp. v. Helton*, 360 Ark. 465, 483, 202 S.W.3d 490, 503 (2005)).

Goad has not established that Censeo Health engaged in a deceptive, consumer-oriented act or practice that was misleading in a material respect. The evidence shows that seventeen, or at most twenty-one, calls were made to Goad over the course of a year. Document #14-2 at 6 and document #21-2.[2]  It is undisputed that Goad's number was erroneously provided to Censeo Health as the number for Bradley Owens. Document #15 at 8 and document #2 at 2, ¶ 7. At some point Goad informed Censeo Health that the number was not that of Bradley Owens, but Censeo Health still called afterward. Construing the evidence in favor of Goad, he immediately informed Censeo Health of the misunderstanding and asked to be taken off the call list, but Censeo Health still called him after that request. Even so, Censeo Health's actions do not constitute unconscionable, intentionally deceptive, or misleading conduct.

Because Goad does not claim that he sustained a physical injury causing emotional distress and he has presented no evidence that Censeo Health intended to cause mental distress, Goad has not met the second element. Goad claims that he was damaged because the calls came at all hours of the day, which took him off task at work. Document #21 at 12. He also required time to calm down after the calls. *Id.* Therefore, the calls prolonged the work day and robbed him of his free,

---

[2] Goad's brief says that he "lost count [of the calls] and referred to them as weekly and in the 100's . . . a look at the number of calls provided on the Defendants spread sheet indicates that there were in the neighborhood of twenty-one calls." Document #21 at 11. It is clear the calls were not in the hundreds. Censeo Health's records show seventeen calls to Bradley Owens in which the "member" was "accessed" between May 14, 2014, and April 23, 2015. Document #21-2; Document #22 at 9, n.5. Even if the correct number were twenty-one, the outcome would not change.

personal time and time with his family. *Id.* at 13. Assuming all of that to be true, Goad has not presented evidence that he sustained a physical injury causing emotional distress or that Censeo Health intended to cause emotional distress. Goad has failed to present evidence to establish the elements of an ADTPA claim.

## CONCLUSION

For the above-stated reasons, Censeo Health's motion for summary judgment is GRANTED. Document #14.

IT IS SO ORDERED this 19th day of May, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE